24-1672. Just give me a minute, counsel, to get this set up. All right, you may proceed when you're ready. Good morning. Jeffrey Kimmel with Akerman LLP for the Respondent Appellants AAM Holding. May it please the Court, we're here today on our motion to stay the lower court's order enforcing subpoena issued by the EEOC, which was overbroad, unduly burdensome, and unenforceable under the law, under the statutory scheme by which the EEOC operates. In order to obtain the stay, we need to show that there's serious questions as to the merits of the enforceability of the subpoena, irreparable injury, and that a stay would, that the balance of the equity of the stay tips decidedly in favor of appellant, as it does in this case. As I said, the standard here is not a strong likelihood of assessing the merits, but rather that there are senior, serious issues going to the merits because the balance of hardships here tips decidedly in favor of appellant. And for that, we cite Citigroup Global Markets v. VCG and Mohamed v. Reno, both Second Circuit decisions. The subpoena here asked for a number of things. It asked for my client, a small business, to provide an Excel spreadsheet, a compilation of information, including the age, gender, race, positions held, dates of employment, and contact information over a five-year period based on a single charge filed by a single woman claiming hostile work environment, gender discrimination against my client, an individual who was employed by my client for under a two-year period. The subpoena is entirely overbroad, seeks information that's entirely irrelevant to any investigation that could be undertaken by the EEOC. Oh, she's alleging that she wasn't the only victim. That's correct, Your Honor. She's claiming that — So isn't it the EEOC's job to find out whether the other people were victims? Well, with respect to the scope of the subpoena, the answer is, yes, it's their job to determine, to investigate. It was until a right-to-sue letter was issued, but that's a separate issue. With respect to scope, which I think Your Honor is asking about, yes. But that does not give them a license to seek information completely unrelated to the allegations. What they're seeking here, again, there's no age claim here. It's a list of employees, right? No, Judge. No? Well, it's a list of employees with — With some basic demographic information. Well, Your Honor, basic demographic information that there's nothing in the record to show that my client is required to compile. Well, but that's a different answer is I don't have it, right? So for Jane Doe, who worked here during this time, you must know who worked there when because you paid their taxes. And it asks in the column 7 for current address. It can say unknown, right? So the fact that you're not able to comply is different from you declined to comply, right? Well, Your Honor, again, it's asking for this information compiled for thousands of employees over a five-year period and entered into — But what is the irreparable harm for you complying? I mean, you know, we see the relevance, but what's the irreparable harm? I mean, it costs you something, but we've never said that anything of that sort is irreparable harm. Thank you, Judge. The irreparable harm and the balance of the hardships is that my client will have to spend at least 300 hours, as estimated, by a company that has —  I was told for real. But then the question of whether there's harm on the other side from not having it for the reason Judge Rakoff said, that it is relevant, comes into play. Well, I would say, Your Honor, that, A, it's not — age, race, positions held, dates of employment for a five-year period for thousands of employees is not relevant, as that term should be understood with respect to the right of the EEOC to investigate a charge, for which one type of claim was made. How did they come up with the estimate of 300 hours? It seems to me a lot of this information is something they would have on a computer they can get instantaneously. It's not, Your Honor. And that was submitted in an affidavit by the office manager. Again, this is a small client that has records that are not computerized, by and large, that would have to go through reams and reams of documents, compile the information, and then enter it into an Excel spreadsheet. Again, the EEOC could have asked for, for instance, send us all onboarding documents for entertainers, dancers, who this plaintiff or charging party was, during the period that she was employed. My client could have gone into boxes and files or a computer system, if they have for that, and print up those or copy those. And was that an offer you made to the EEOC in response to the subpoena, to sort of negotiate the scope? Your Honor, we attempted to negotiate the scope to no avail. So that was an offer you made to the EEOC? I don't know if we specifically made that offer, but we asked the EEOC and we had a telephone call with the EEOC as to how we could agree to something that was a little bit more reasonable under the circumstances. Again, there's this Shell Oil case that the EEOC cites to in their brief about how the definition of relevance is somewhat broad for the EEOC in determining their right to investigate. But Shell Oil case, and it's a U.S. Supreme Court 1984 case, also makes it clear that you can't define relevance to the point where it's a nullity. This is a fishing expedition. This is, we haven't conducted any investigation of our own up to this point. Okay. We haven't asked for ---- Counsel, I'm going to ask you to wrap up, so if you'd like to make your last few points, because we're over time. Thank you, Your Honor. Last point is, under the statutory scheme, the EEOC under the Hearst Fifth Circuit case, the EEOC is not even entitled to continue their investigation once they've issued a right to sue them. I was afraid you were going to raise that. Let's be clear. The Fifth Circuit said that. The Ninth and I think maybe the Seventh or the Sixth said no. And, in fact, Justice Thomas relatively recently dissented from a grant of certiorari to address the question. So one circuit court has said that 30 years ago, right? So you're not claiming that that one Fifth Circuit case is binding on this Court, right? Of course, it's not binding on this Court, Your Honor. But it's the most reasoned decision and the most, in my view, correct decision based on the statutory scheme and the legislative history. Thank you, Counsel. Thank you. We'll hear from the agency. Counsel? Thank you, and may it please the Court. Jim Driscoll McEachron on behalf of the EEOC. As this panel recognized, we are seeking straightforward demographic information to be able to identify and contact potential witnesses and victims to harassment over potentially multiple victims at two locations. Five-year period. Your Honor, it starts about a little less than a year before the charging party's employment begins and extends to the present. Under Roadway and other cases, we're allowed to go before and after the charge to look for contextual information, and that's particularly apropos here, where the allegations are of potentially egregious harassment. So we want to see how long that harassment was present, if it was. So we may need to identify witnesses to when it may have begun, where it may have ended. So that information really is a starting point for the investigation, be able to determine what information we can— Counsel, how do we make sure that in cases like this, in seeking information you have a perfect right to get, you don't go far enough to make life really impossible for another side and make them, in effect, have to settle or do other things? What is the line that we can draw on that? Your Honor, I think that really goes to the posture that we're in in this case. We're here after the district court ordered compliance with the subpoena, and as the Supreme Court said in McLean, that means the abuse of discretion standard applies. So we have well-established tests for relevance and for undue burden. And that undue burden, I think, goes to Your Honor's question about when the information request could be too invasive. But those are questions that are answered by the district court in the first order. And the question for this panel on the substantive is whether there was a clear error on the facts or a legal error on the standard of law. Here the district court articulated the correct standards for both relevance and for burden and assessed the facts and the record and found the information was relevant because the charge gives rise to the potential for harassment against many employees in the workplace. That's why we need that straightforward information to find out who may have information, who may have suffered that harassment. Then, once the information is relevant, when we turn to the question of harassment, was the claim of harassment was as to female employees, and Your Honor includes male employees, yes? Yes, Your Honor, because to the – I apologize. Okay. Why? Because it's important that we find out not only who may have suffered the harassment but who may have witnessed the harassment. Oftentimes we're unable to contact employees, but we may be able to contact people who witnessed harassment. And male employees in the workplace absolutely could have seen the kind of harassment that's alleged in this charge. So as I understand it, correct me if I'm wrong, on the basis of a single complaint by a single employee, you now want substantial information about 40 employees for starting the period nine months to a year before even the allegation was made. Going to the present, including not just persons who may have been victims but also persons who may have been witnesses, that seems very broad given the limited basis on which you started. Your Honor, I disagree that it was a limited basis because, again, this charge clearly alleges – and I see my time is expiring if I may answer the question. Oh, you've got a minute and a half left. Oh, thank you. I thought I saw the red light. You're in the yellow, not the red. I apologize. Thank you very much. The district court considered that question and held that this charge does allege discriminations against others. The cases like Tricor that AAM cites involved a single instance of discrimination. That doesn't apply here where the district court correctly saw in the charge allegations of employment against – or, excuse me, of harassment against others. So we have a charge alleging potentially widespread, egregious harassment, and that's why we need this information to find out who knows what happened and who potentially suffered from that harassment. The district court considered that and held that it was relevant. So now the question here is, was that an abuse of discretion? And in this particular instance, is AAM likely to see it in showing that that was an abuse of discretion? The standard, of course, is abuse of discretion. On the other hand, there's not many facts of any that are in dispute. So we're in just as good a position to assess the exercise of discretion as the district court was. Respectfully, the Supreme Court said in McLean that the district court is best suited to assessing relevance and undue burden, but I think the facts here are not particularly in dispute. So I understand that point in the abstract, but supposing you had a case in which all the facts were stipulated, even if technically the standard was abuse of discretion, would a court of appeals still be in a position to take a narrower view of the exercise of discretion if it was in just as good a place to assess the facts as the district court? I don't think so, Your Honor. I think that the Supreme Court has said that the district court's role is extraordinarily limited and that the court of appeals' role is just to see if the district court abuses its discretion. I do briefly want to, if I may, just point out that the Hearst decision predated Waffle House and, as the Court recognized, both the Ninth Circuit decision in UPS and the Seventh Circuit decision that held that Hearst was not persuasive because the EEOC is not a proxy for the charging party. Congress vested us with independent authority to investigate allegations of discrimination, to pursue the public interest, and the charging party's choice to file a private lawsuit does not affect that authority. The district court here found that the straightforward information we sought was relevant and that flashed answers had not shown an undue burden. It's not enough to simply say we'll take time and effort. You have to show why that time and effort is undue, and they have not done so here. We therefore ask this Court to deny the motion for a stay. I suppose I should state for the record that I'm not totally opposed to an abuse of discretion standard for district courts. Thank you, counsel. Thank you. Thank you both. While argued, we'll take the motion under submission.